**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| VAL ANTHONY MISURACA, | ) | No. CV-09-0738-PHX-GMS |
| Appellant, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| U.S. TRUSTEE, | ) | |
| Appellee. | ) | |
| | ) | |

The Court has received the Motion to Continue Stay in Effect Pending Appeal of Appellant Val Anthony Misuraca.[1]  (Dkt. # 2.)  As best the Court can determine, Appellant argues that this Court should stay dismissal of the bankruptcy court's determination that Appellant's invocation of Chapter 13 was an abuse because Appellant would have no other choice than to file for Chapter 11 bankruptcy relief.  (Dkt. # 2 at 3 ¶ 7 ("Mr. Misuraca cannot be forced to file a chapter 11 petition or involuntarily be converted to a chapter 11 proceeding – which is what the lower court is requiring him to do if he wants to seek further bankruptcy relief.").)  Appellant finds Chapter 11 relief objectionable based on dicta from *Toibb v. Radloff*, 501 U.S. 157, 165-66 (1991).

---

[1]The Court previously issued a stay for the purposes of briefing the motion (Dkt. # 5), but Appellee has not filed a response.  Thus, the Court will evaluate the issue upon Appellant's briefing only.

1    In *Radloff*, the Supreme Court held that individual debtors not engaged in business

2    could utilize Chapter 11. *Id.* at 158.  In so holding, the Supreme Court rejected the argument

3    of an amicus curie that Congress did not intend such individuals to be subject to involuntary

4    bankruptcy proceedings, as evidenced by the fact that Congress did not provide for

5    involuntary proceedings under Chapter 13.  *Id.* at 165-66.  The Court reasoned that

6    "Congress' primary concern about a debtor's being forced into bankruptcy under Chapter 13

7    [was] that such a debtor, whose future wages are not exempt from the bankruptcy estate,

8    would be compelled to toil for the benefit of creditors in violation of the Thirteenth

9    Amendment's involuntary servitude prohibition." *Id.* (internal citation omitted).  "Because

10   there is no comparable provision in Chapter 11 requiring a debtor to pay future wages to a

11   creditor," the Court noted, "Congress' concern about imposing involuntary servitude on a

12   Chapter 13 debtor is not relevant to a Chapter 11 reorganization." *Id.* at 166.  Appellant

13   argues that recent amendments to Chapter 11 now do include future income as property of

14   the bankruptcy estate, *see* 11 U.S.C. § 1115(a)(2), and thus the *Radloff* dicta counsels that

15   involuntary proceedings under Chapter 11 would be unconstitutional.

16   However, this issue is not ripe.  Appellant attempts to argue the unconstitutionality

17   of provisions of Chapter 11 in the course of a Chapter 13 bankruptcy.  "For a suit to be ripe

18   within the meaning of Article III, it must present concrete legal issues, presented in actual

19   cases, not abstractions." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1123

20   (9th Cir. 2009) (internal quotations omitted).  Appellant does not provide a sufficient basis

21   to challenge the bankruptcy court's determination that the Chapter 13 filing constituted a

22   statutory abuse.  Appellant does argue that *if* he pursued Chapter 11 relief, and *if* involuntary

23   proceedings were initiated against him, then he might have a constitutional claim.

24   Appellant's motion does not explain how any of these hypothetical possibilities are anything

25   more than abstractions (nor does Appellant attempt to explain how he would be "forced" to

26   file under Chapter 11).  As such, Appellant's motion cannot establish either that he would

27   be harmed or that he is likely to succeed on the underlying appeal on this basis were the court

28

to grant a stay.  For these reasons, Appellant's motion is not the proper subject of judicial determination at this time.

**IT IS THEREFORE ORDERED** that the Motion to Continue Stay in Effect Pending Appeal of Appellant Val Anthony Misuraca (Dkt. # 2) is **DENIED**.

**DATED** this 1st day of May, 2009.

G. Murray Snow
United States District Judge